MILDRED L. KNIGHT *vs.* DAVID W. KNIGHT.

FEBRUARY 18, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a petition for divorce from bed, board and future cohabitation on the grounds of neglect and refusal to provide, desertion and gross misbehavior.

It was heard by a justice of the superior court on the first two of these grounds, that of gross misbehavior having been expressly waived. Thereupon a decision was rendered granting the petition on the ground of neglect and refusal to provide and awarding to petitioner $10 weekly for the support of herself and minor daughter. The case is before us on the respondent's exception to such decision.

The following facts appear in the evidence. The parties were married July 29, 1919 and lived together until the summer of 1939. Only one child was born of this marriage and she was twenty years of age at the time of the hearing. On July 7, 1939 the respondent ceased giving further support to petitioner, who shortly thereafter withdrew the sum of $758, being the entire deposit, from a bank account that stood in the names of herself and respondent, and redeposited that amount in an account standing in her name only. Prior thereto he had been giving to her $25 weekly for clothing, food and general household expenses, and in addition he had paid the rent and apparently the telephone bills. On August 11, 1939 respondent left home and has lived separately and apart from petitioner since that time.

The respondent shortly thereafter filed a petition for absolute divorce from his wife on the ground of extreme cruelty, and after a hearing in the superior court that petition was denied and dismissed. Subsequently thereto, in December 1939, the petitioner caused the arrest of the respondent on a complaint and warrant for nonsupport. After a hearing thereon in the district court the respondent was found not guilty and the complaint was dismissed. No record of these proceedings is before us, but both parties testified, in substance, that the district court decided that the respondent could not be found guilty of nonsupport of petitioner until she had exhausted the money which she had withdrawn from the joint account. The petitioner continued to use this money for her support until late in May 1940, when it was completely exhausted.

There is some conflict in the testimony as to whether respondent refused to pay anything toward petitioner's support. However, apart from the money withdrawn by her, she admittedly received nothing from respondent for more than a year next before the filing of the instant petition on October 31, 1940. Such petition prayed originally for an absolute divorce but at the hearing it was amended, without objection, to a petition for divorce from bed, board and future cohabitation, based on the grounds hereinbefore stated. At the conclusion of the evidence the trial justice rendered the decision which is before us on respondent's exception.

The respondent first contends that there was no proof of his neglect, for more than one year next before the filing of this petition, to provide for the support of petitioner and the minor child of the parties. He argues that all of the money in the joint bank account, withdrawn and used by petitioner for her support, belonged entirely to him; that his ownership thereof was confirmed by the decision of the district court when it found him not guilty of nonsupport because that money was available to his wife; that this decision was *res judicata* on such question; that the money was not exhausted until the latter part of May 1940, according to petitioner, and therefore that the petitioner showed neglect to provide only for the period from the last of May to October 31, 1940, much less than the year required by statute.

We do not agree with this contention. In our opinion, the decision of the district court dismissing a criminal complaint against the respondent for nonsupport was not *res judicata* on the issue of actual ownership of the moneys withdrawn by petitioner from the joint bank account. It is true that such issue was involved to an extent but only collaterally to an issue in a criminal case that required proof beyond a reasonable doubt. So long as there was a reasonable doubt as to the respondent's right, if any, to the money which had been withdrawn by and was available to the petitioner, the district court would be justified in concluding, as it did, that

it could not hold him guilty beyond a reasonable doubt of the charge of nonsupport, until that money was exhausted.

In the instant case, however, the question of the ownership of that deposit was material and relevant to the main issue and, being involved in a civil case, it was determinable upon a preponderance of evidence, rather than by evidence beyond a reasonable doubt. In the existing circumstances we are of the opinion that. there is lacking certain of the identities of issues and required proof that would be essential to a holding that the district court's decision was *res judicata* upon the question of ownership of this money. Therefore, the justice of the superior court was entitled to determine such question; and he found, upon conflicting evidence, that the money formerly deposited in the joint account and withdrawn by petitioner belonged to her.

An examination of the evidence shows that the parties seem to have agreed that the joint account was commenced by deposit of the proceeds from the sale of real estate in Fiskeville, Rhode Island, which was owned by both of them; that all the deposits and withdrawals thereafter were made by petitioner; and that all the moneys so deposited, though originally earned by respondent, were actually saved by petitioner out of moneys he had given her for the general support of the household. However, the parties disagreed on the amount of the original deposit. The petitioner testified that the sum of $300 remained from the proceeds of the sale, after paying certain doctor's bills, and was deposited in that account. The respondent testified that only about $15 remained from these proceeds and were so deposited.

Ordinarily findings of fact upon conflicting evidence are not disturbed unless they are clearly wrong. Considering the conflicting evidence and the trial justice's express approval of the petitioner's credibility and disapproval of that of the respondent, we cannot say that his finding on this issue was clearly wrong. But even assuming that such money did not belong entirely to petitioner, the evidence fairly supports a conclusion that each owned a one half interest therein. If

one half, or $379, were used by petitioner for her support at the rate of $25 per week, which was the amount formerly given by respondent to her for household expenses, it would have been exhausted in approximately fifteen weeks, that is, by October 20, 1939. Since this petition was not filed until October 31, 1940, the respondent on that view would have failed, for more than a year, to have provided anything for petitioner's support.

But the respondent further contends, if we understand correctly, that even if the trial justice properly found that petitioner owned all of the money and that respondent had neglected for a year to provide for her support, nevertheless by virtue of relying upon the district court's decision, he should not be held to have intentionally neglected *and refused* such support, until the money had been exhausted and he was notified thereof. The sufficient answer to this contention is that the evidence on the issue of his refusal to support petitioner was also conflicting. There was testimony, particularly from the daughter of the parties, that she had personally visited the respondent and requested him to support and assist her mother, who was in need; that the respondent not only refused such immediate support but also told his daughter that "it was my mother's funeral" and "he would never support us". The respondent, on the other hand, denied that he so refused or made such a statement. However, he did not deny testimony of his sister-in-law that shortly after his separation he refused to go back to his family and said "he never intended to support them." On the conflicting evidence upon this issue the trial justice, who had the opportunity of seeing and hearing the witnesses, found in favor of the petitioner; and we cannot say from our examination of the evidence that such finding was clearly wrong.

The respondent finally contends that in any event the award of allowances was excessive. The petitioner did not testify as to the amount of respondent's earnings. The respondent, however, testified positively that his annual net earnings were only about $600; that he required $13 weekly

for his room and meals; and that several bills, which apparently had been incurred over many years, were still unpaid. This would leave him nothing to give his wife. But he was wholly uncorroborated in this testimony and the trial justice in his rescript characterized the respondent as evasive and not frank. In substance and effect, the trial justice did not believe this testimony; and there was other evidence of the extent and value of respondent's estate and earnings, and his capacity and opportunity to earn more, if he desired.

Respondent admittedly had been giving petitioner $25 weekly for general household expenses, in addition to his payment of the rent and telephone charges. While so doing, he had been able presumably to pay all bills necessary for the conduct of his business and to save and deposit money in a bank account in his own name. This amounted to $1160 in October 1939. He also owned at least two fairly large trucks and admitted that the general expressing business was very good, although he claimed that his particular business was transporting livestock and was not so good. He claimed to have sold one of these trucks for less than he owed on it. The trial justice apparently concluded on the evidence that respondent had not been putting his available equipment to use in the expressing business that was reasonably open to him, if he so desired, and that no good reason appeared in evidence for his not doing so. Moreover, respondent did not deny that he had purchased a new pleasure automobile and was also paying bills for certain telephone service and for the services of an employee all of which he had undertaken since the separation. Evidently the trial justice was not persuaded that these expenditures were reasonably necessary for the conduct of respondent's business.

From an examination of all the evidence, we cannot say that the trial justice was clearly wrong in awarding $10 per week, in the circumstances, for the support of petitioner and the minor daughter of these parties.

The exception of the respondent is overruled and the case is remitted to the superior court for further proceedings.

*Patrick H. Quinn*, for petitioner.
*Clinton G. Clough*, for respondent.